RONALD SHIPP, Plaintiff-Appellee, *v.* ROY DAVIS *et al.*, Defendants-Appellants.

Third District   No. 76-214

Opinion filed May 6, 1977.

Charles W. Kohr, Corporation Counsel, of Peoria, for appellants.

Jerry Serritella, of Peoria, for appellee.

Mr. JUSTICE BARRY delivered the opinion of the court:

This is an appeal pursuant to the Administrative Review Act (Ill. Rev. Stat. 1975, ch. 110, par. 264) of the reversal of a decision of the Board of Fire and Police Commissioners of Peoria, Illinois, by the Circuit Court of Peoria County. The Board of Fire and Police Commissioners, hereafter referred to as the Board, suspended plaintiff Ronald Shipp, a member of the Peoria Fire Department after a full hearing finding plaintiff had violated provisions of the Manual of Rules of the Peoria Fire Department.

Plaintiff was charged with making certain statements to a newspaper reporter from the Peoria Journal Star that were subsequently published by the paper. The statements allegedly violated the Manual of Rules of the Fire Department in that they were disrespectful of plaintiff's superior officers; were comments of a personal nature or of a derogatory character relating to official fire department transaction; constituted acts or omissions contrary to the good order and discipline of the fire department; and constituted conduct unbecoming an employee. On appeal the circuit court found the decision of the Board was against the manifest weight of the evidence presented at the hearing and reversed the Board's decision suspending plaintiff for 35 days without pay.

Defendant raises four issues on appeal:

(1) Whether the trial court erred in its finding that the decision of the Board of Fire and Police Commissioners was contrary to the evidence.

(2) Whether the statements made by the plaintiff were protected by the first and fourteenth amendments of the Constitution of the United States.

(3) Whether the Board was improperly constituted when Commissioner LeDoux failed to recuse himself.

(4) Whether the plaintiff was wrongfully penalized for questions asked by his counsel.

Plaintiff made the adverse statement that resulted in his suspension after the results of a newly promulgated examination for promotion to captain had been released. The substance of plaintiff's statement was stipulated to by counsel for both sides and is set out as it was reported in a quote from the August 25, 1975, edition of the Peoria Journal Star:

> "That Nielson was at least partially responsible for making sure four of the men who are no longer with the union were promoted to captain on the last captain's test. I'm sure he had a part in that. Whether it was by prepping them on the test or giving favorable comments to the Board of Police and Fire Commissioners."

The statement referred to Fire Chief Jacob Nielson and four firemen recently promoted to captain after the test. Chief Nielson and the other four men implicated by plaintiff had been suspended from the Firemans Local 544 labor union for accepting a pay increase for their educational efforts which resulted in their obtaining college degrees, or had voluntarily discontinued affiliation with the union. Great animosity existed between plaintiff, who was vice-president of the local union, and the Nielson group because of Chief Nielson's attitude toward the local fireman's labor union. Chief Nielson had been encouraging the formation of a rival union throughout the conflict between the City of Peoria Fireman's Local 544.

■■ Preliminary to a discussion of the main issues we must determine whether the Board was improperly constituted when Commissioner

LeDoux failed to recuse himself. Commissioner LeDoux had allegedly made remarks showing prejudice against plaintiff which had been published in the Peoria Journal Star. Had LeDoux recused himself only one member of the Board would have been left ready to proceed, which was less than the number required for a quorum.[1] Without a quorum present plaintiff's hearing would have been delayed and he, and the City, would have been then denied the remedy of an administrative determination.[2] We believe the Board was properly constituted and no error was committed by Commissioner LeDoux's refusal to recuse himself, even though he was more than aware of the subject matter. The Board's action is justified on the ground of the "rule of necessity." 1 Am. Jur. 2d *Administrative Law* §66 (1962); see *Mank v. Board of Fire & Police Commissioners* (1972), 7 Ill. App. 3d 478, 288 N.E.2d 49.

■■ Defendant's primary argument on appeal is that the trial court erred in reversing the Board's suspension of plaintiff on the ground that the decision of the Board was contrary to the manifest weight of the evidence. Plaintiff's counterargument is that the statement complained of was protected by the first and fourteenth amendments to the United States Constitution. On administrative review the court, whether appellate or circuit, does not reweigh the evidence presented to the administrative tribunal. The findings of the Board, in this case must be considered prima facie true and correct and will be upheld where the evidence supports the Board's finding. (*Chambliss v. Board of Fire and Police Commissioners* (1974), 20 Ill. App. 3d 24, 312 N.E.2d 842; *Etscheid v. Police Board* (1964), 47 Ill. App. 2d 124, 197 N.E.2d 484.) Only when the findings of the administrative body are contrary to the manifest weight of the evidence should their decision be reversed. 1 Ill. L. & Proc. *Administrative Law & Procedure* §52 (1953).

Plaintiff readily admits making the statement publicly against his fellow firemen but denies that the statement is false or alternatively that he did not make the statement intentionally knowing it was false or making it recklessly without regard to its truth or falsity. The record indicates the basis of plaintiff's belief of the truth of the substance of his statement was uninvestigated hearsay statements and general conjecture motivated by strong feelings of animosity.

---

[1] The Board of Police and Fire Commissioners of Peoria at the time of the hearing on the charges against plaintiff consisted of two members, even though Ill. Rev. Stat. 1975, ch. 24, par. 10—2.1—1, provides for three members of the Board.

[2] Ill. Rev. Stat. 1975, ch. 24, par. 10—2.1—17, requires that the discharged member of the fire or police department have an opportunity to be heard in his defense and to that end, "[T]he board of fire and police commissioners shall conduct a fair and impartial hearing of the charges, to be commenced within 30 days of the filing thereof * * *."

In the interest of an early hearing under such circumstances a suspended fireman must challenge the suspension by appeal to the Board within 24 hours of the suspension ordered by the fire chief.

■■ In a case such as this involving statements made by a public employee, the Board had the burden of proving three essential elements by a preponderance of the evidence to defeat plaintiff's contention that his statement was constitutionally protected free speech.

(1) That the plaintiff made the statement; and

(2) that the statement in fact was false; and

(3) that the plaintiff made the statement intentionally knowing it was false or with reckless disregard of its truth or falsity.

(*Pickering v. Board of Education* (1968), 391 U.S. 563, 20 L. Ed. 811, 88 S. Ct. 1731; *New York Times Co. v. Sullivan* (1964), 376 U.S. 254, 11 L. Ed. 2d 686, 84 S. Ct. 710.) The Board's finding that plaintiff recklessly made the statement disregarding its truth or falsity is supported by facts in the record showing plaintiff had no factual basis for the statement other than uninvestigated hearsay statements. Unlike the *Pickering* case where the published statements were only marginally concerned with the teacher's employment, here, as another public employee, plaintiff's employment was directly and substantially connected with the allegedly false statements he uttered. The Board found that the plaintiff's remarks had an adverse effect on the fire department and its public image, together with continued suppression of morale and effectiveness of the department. We conclude, therefore, that plaintiff's statement was not constitutionally protected. (See *Roseman v. Indiana University of Pennsylvania, at Indiana* (3d Circ. 1975), 520 F.2d 1364; *Sprague v. Fitzpatrick* (3d Circ. 1976), 546 F.2d 560.) We are obliged to accept the Board's determination of the factual issue of whether plaintiff's statement was indeed false, even though evidence thereon is to some degree conflicting, because that determination is substantially supported by the record and based upon belief of Chief Nielson's unequivocal denial of the truth of the allegations in plaintiff's statement.

■■ We must next consider whether the manifest weight of the evidence preserved in the record supports the Board's findings, that the plaintiff had violated the written Manual of Rules of the Peoria Fire Department. The findings of the Board were specific and expressly made. Although much of the evidence was conflicting, the Board resolved the conflicts against plaintiff. We have considered the record and determine that the findings of the Board were borne out by the evidence presented at the hearing and that those findings are not against the manifest weight of the evidence. We will not substitute our judgment for that of the Board on a question of fact where the Board's findings have a substantial foundation in the evidence. *Chambliss v. Board of Fire and Police Commissioners* (1974), 20 Ill. App. 3d 24, 312 N.E.2d 842.

■■ Finally, we consider plaintiff's contention that he was penalized for questions asked by his attorney during an argumentative exchange at

the hearing with witness Chief Jacob Nielson. While the Board advised plaintiff and his counsel that additional comments of the same character would "weigh heavily" on that attorney's continuing presentation of the case, no further such comments by plaintiff's attorney occurred and no action other than the Board's initial admonishment was necessary. The record does not support plaintiff's charge that he was penalized for his counsel's argumentative exchange, and we cannot go outside the record to support plaintiff's claim. *Etscheid v. Police Board of Chicago* (1964), 47 Ill. App. 2d 124, 197 N.E.2d 484.

For the reasons stated the judgment of the Circuit Court of Peoria County is reversed and the decision of the Board of Fire and Police Commissioners suspending plaintiff for 35 days without pay is affirmed.

Reversed.

STENGEL, P. J., and SCOTT, J., concur.