H. J. SHEWMAKE, Plaintiff-Appellee, *v.* BOARD OF FIRE AND POLICE
COMMISSIONERS OF THE VILLAGE OF EAST ALTON *et al.*, Defendants-
Appellants.

Fifth District No. 78-291

Opinion filed May 17, 1979.

Dean E. Sweet, of Holland, Greenwood and Morrison, of Wood River, for appellant Board of Fire and Police Commissioners of the Village of East Alton.

Rodney J. Pitts, of Smith, Larson and Pitts, of East Alton, for appellant James E. Johnson.

William C. Ebers, III, of Collinsville, for appellee.

Mr. JUSTICE KASSERMAN delivered the opinion of the court:

Pursuant to the Administrative Review Act (Ill. Rev. Stat. 1977, ch. 110, par. 264-279), plaintiff Shewmake, a fireman, sought review of the decision of the board of Fire and Police Commissioners suspending Shewmake for 10 days without pay. The Circuit Court of Madison County reversed the decision of the board, and the board has brought this appeal.

April 19, 1977, was the date of a general election in East Alton. That night, Fireman Shewmake attended a "victory party" for a candidate for the East Alton Village Board of Trustees who had been defeated in the election. Also defeated in the election was a referendum which could have tied the firefighters' pay to the cost of living index. Fireman Shewmake had been in favor of the referendum. The president of the board of trustees of the village board (hereafter referred to as mayor), and the village board had opposed the referendum, and the village board had expended funds to pay for ads in local newspapers opposing the referendum. An election party for the losing faction was held in a motel room at a restaurant-motor lodge, while in the restaurant ballroom of the same motel complex, a "victory party" was being held by the mayor, who had been re-elected that day. Around 11 p.m., Shewmake, his wife, several other volunteer firefighters, and others went from their party to the mayor's private celebration, where approximately 200 to 300 people were present as invited guests. Shewmake addressed the mayor and in essence accused the mayor of buying the election. The fire chief testified that Shewmake said, "You stole the goddamn election. You bought the goddamn thing. You paid a lot of goddamn money to beat the firefighters." Mayor Keasler testified that Shewmake, "wanted to know why in the hell I stole this election from the firemen," and had stated, "you guys are a bunch of crooks" and "why in the goddamn hell do you want to steal this election from us firemen? Be a crook and steal the election."

Three days later, Fire Chief James Johnson filed charges against Shewmake with the board, charging that Shewmake, "* * * did conduct

himself in a disrespectful and insubordinate manner towards the President of the Board of Trustees, Frank Keasler, which disgraced our honorable organization before several hundred members of the community, * * *." The board found that Shewmake intentionally with premeditation entered the party with the purpose of embarrassing the mayor in front of the crowd, that he went almost directly to the mayor and in a loud voice made disrespectful and profane remarks to the mayor, including accusing the mayor of buying the election. The board found that the incident was only one of name calling and not an attempt to discuss the political issues of the day. They found that the fireman was not "on duty" and that his conduct was cause for removal. The board suspended the fireman for a period of 10 consecutive days without pay.

This appeal arises out of the circuit court's decision on a complaint for administrative review subsequently filed by Shewmake. The trial court found that the conversation was essentially a private conversation in which the fireman expressed dissatisfaction with a political issue of the day and that while the words used by the fireman may have been disrespectful or abusive, the actions constituted protected free speech. The court further found that the board's decision was against the manifest weight of the evidence and that there was no evidence in the record to show that the fireman's conduct had an adverse effect on the discipline or efficiency of the East Alton Fire Department. Accordingly, the court reversed the decision of the board suspending Shewmake for 10 days. The board has brought this appeal.

The board contends that the findings of the board are supported by the manifest weight of the evidence; that the fireman's role in the encounter was conduct, not speech; and that if the court decides his actions were speech, the case should be remanded for consideration on free speech grounds.

Shewmake's principal contention, and the issue on appeal, is that the statements made to the mayor are protected by the First and Fourteenth Amendments to the United States Constitution. Therefore, this court must first determine whether the actions of Shewmake should be classified as conduct or speech. In this respect, it is our opinion that Shewmake was engaged in the activity of expression or speech primarily and that his activities could not be described as "conduct" solely.

■■ Since we hold that Shewmake's role in the activities complained of was speech, and not conduct, we must then determine whether the board applied the proper test to the evidence before it. If the proper test was applied, then the reviewing court must then ascertain whether the conclusions were supported by the manifest weight of the evidence. *McCoy v. Board of Fire & Police Commissioners* (1st Dist. 1977), 54 Ill. App. 3d 276, 369 N.E.2d 278.

■ In controversies involving statements made by a public employee, the board has the burden of proving three essential elements by a preponderance of the evidence to defeat the employee's contention that his statement was constitutionally protected free speech: (1) that the statements were made by the employee and that they were false; (2) that the statements were made by the employee with the knowledge that they were false or with reckless disregard of their truth or falsity; and (3) that the statements rendered the employee unfit for public service or so adversely affected the public service involved that it justifies impairment of free speech. *Dendor v. Board of Police & Fire Commissioners* (1st Dist. 1973), 11 Ill. App. 3d 582, 297 N.E.2d 316; *Shipp v. Davis* (3d Dist. 1977), 48 Ill. App. 3d 463, 362 N.E.2d 822.

In *Dendor*, a fireman was dismissed for allegedly making derogatory statements at a public meeting about his superior, the fire marshall. After determining the appropriate constitutional standard by which plaintiff's speech was to be judged, the court reversed the board, since the board had made no findings of fact. The court found that as a result, the board had not determined that Dendor had made the statements as alleged, nor did it find how or in what manner his statements had an adverse and undesirable effect on the fire department. In *Shipp*, a fireman was suspended for 35 days after making statements disrespectful of his superiors to a newspaper reporter who subsequently printed the statements in the paper. His suspension was upheld only after the court concluded that the board had made factual determinations supported by the manifest weight of the evidence, that the statements were false and made with a reckless disregard for the truth and that they had an adverse effect on the fire department and its public image, and continued the suppression of morale and effectiveness of the department.

■ It is our opinion that the findings of the board are insufficient to meet the standard established in *Dendor* and *Shipp*. First, the board made no finding as to the veracity of Shewmake's statements. Second, there was no determination that the statements were made with a knowledge that they were false or with a reckless disregard for their falsity. Finally, while the board discussed the undesirability of insubordination, it made no finding as to whether the statements had any adverse effect on the fire department or rendered Shewmake unfit for public service. For the above reasons, the judgment of the trial court reversing the board should be affirmed.

Defendant contends that if the reviewing court does not uphold the action taken by the board, it should remand the cause for reconsideration of (1) the doctrine of free speech, and (2) penalties other than suspension or discharge.

■ The courts have the power (1) to reverse in whole or in part; (2) to remand the decision of the board in whole or in part and to state the

questions requiring further hearing or proceedings; or (3) to remand for the purpose of taking additional evidence when the record indicates that such action is just. (Ill. Rev. Stat. 1977, ch. 110, par. 275(1)(e)(f) and (g).) This power has been determined to be discretionary and not mandatory in *Sanderson v. De Kalb County Zoning Board of Appeals* (2d Dist. 1974), 24 Ill. App. 3d 107, 320 N.E.2d 54. It is necessary, therefore, that we address the question of the desirability of remanding this cause to the board for further action.

 The operation of police and fire departments differs greatly from other public employment groups. A continuing conflict exists between the public need for well trained and disciplined public employees engaged in public safety occupations and the constitutionally mandated guarantee of freedom of speech for those employees. The acceptance of public employment is not an abandonment of constitutionally protected rights. Nevertheless, governmental units are empowered to regulate the speech of their employees either by rule or a ruling that affects the employment status. Although a public employee does not have a constitutional right to continued employment, he cannot be barred or removed from that employment in disregard of his constitutional rights. Neither the needs of the public nor the constitutionally protected rights of public employees can be overlooked in the search for appropriate solutions for the conduct of the affairs of police and fire departments. Each is as important as the other, and neither should be permitted to suffer as a result of the improper protection of the other.

To enable the courts to properly determine whether the restrictions the board is attempting to place on Shewmake's off-duty behavior are permissible, it is essential that the board recognize the limitations placed upon its authority by the First Amendment to the United States Constitution. Because of the well-recognized necessity of furnishing adequate and proper fire protection for the city's inhabitants, it is also essential that the board make determinations of fact to satisfy the requirements of *Dendor* and *Shipp*. This can be accomplished only by the board's further consideration of the evidence presented to it at the original hearing and its determination of whether or not Shewmake's statements were: (1) false, (2) made with the knowledge that they were false or with a reckless disregard of their truth or falsity, and (3) rendered him unfit for service as a fireman or so adversely affected the fire department that it was not a constitutionally protected speech.

Under normal circumstances, it would be essential to remand this cause to the board for determination of the standards as set forth in *Dendor* and *Shipp* because of the necessity we see in preserving both the public need for proper fire protection and the employee's guaranteed right to freedom of speech. It is apparent, however, that it would be of no

benefit to remand this cause for reconsideration by the board by reason of the fact that the sanction imposed on Shewmake was suspension without pay for 10 days. It is incomprehensible that a person who would return to duty after a 10-day suspension could be held to have been rendered unfit for services as a fireman. Further, it is our opinion that Shewmake's statements did not so adversely affect the fire department that they justified the abridgment of the right to freedom of speech. This opinion was apparently shared by the board in view of the limited sanction imposed. Therefore, it would be impossible from the evidence in this cause to conclude that the tests established in *Dendor* and *Shipp* have been met.

For the foregoing reasons, the decision of the circuit court is affirmed.

Affirmed.

G. MORAN, P. J., and KARNS, J., concur.